10-2542-ag
Sun v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand eleven.

PRESENT:
>        JON O. NEWMAN,
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>               *Circuit Judges.*

_____

XIANG MEI SUN,
>        *Petitioner,*

>        v.                                    10-2542-ag,
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Margot L. Nadel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, AND **DECREED**, that the petition for review is **DENIED**.

Petitioner Xiang Mei Sun, a Chinese native and citizen, seeks review of a May 27, 2010 BIA order that affirmed an Immigration Judge's ("IJ") decision to deny Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Mei Sun*, No. A097 852 559 (B.I.A. May 27, 2010), *aff'g* No. A097 852 559 (Immig. Ct. N.Y. City Apr. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Here, the BIA did not issue a comprehensive opinion. Rather, it adopted and supplemented the IJ's decision; thus, we have reviewed the decision of the IJ as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, Sun's arguments that the IJ violated her right to due process by failing to hear closing arguments and by "changing her mind" when the government attorney requested a long decision are meritless. The record indicates that Sun's attorney did present a lengthy closing argument. Furthermore, there is neither a discussion of a "short" versus "long" decision anywhere in the hearing transcripts, nor did the IJ ever indicate that she was prepared to grant asylum. In addition, Sun's argument that the IJ's "anger" over Sun's failure to remove her IUD demonstrated bias is also without merit. The IJ's questions as to why Sun retained her IUD, which Sun testified was harmful to her health, reflect the IJ's skepticism about the veracity of Sun's story rather than anger. Moreover, even if the IJ expressed impatience or dissatisfaction with Sun's decision to retain the IUD, impatience and dissatisfaction are insufficient to establish bias. *See United States v. English*, 629 F.3d 311, 321 (2d Cir. 2011).

For asylum applications filed before May 11, 2005 (the effective date of the REAL ID Act), like Sun's, we generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent

3

statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted), *overruled in part on other grounds by Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). Here, the IJ's credibility determination is supported by substantial evidence, given Sun's omission of a basis for relief and her implausible testimony regarding her intrauterine device ("IUD"). Most significantly, Sun completely omitted any mention of a forced abortion from her original application. She did not raise it at her asylum interview or in her initial appearance before the IJ, choosing instead to raise it for the first time in an amended statement submitted to the IJ after she had been in proceedings for nearly one year. Although Sun maintains that she adequately explained this omission, the IJ reasonably found that the omission was a serious inconsistency that weighed against Sun's credibility. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003). Further, the IJ reasonably declined to credit Sun's explanation that the preparer of her original application

4

told her she only needed to state one basis for relief and that her first lawyer told her not to mention the abortion since she had not included it in her application. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably relied on an implausibility in Sun's testimony. The IJ noted that while Sun testified, and the medical evidence confirmed, that her IUD caused her significant medical problems, Sun refused to remove the IUD, claiming that if she were returned to China, she would be sterilized and possibly jailed for removing it. Because of this refusal and Sun's inability to explain why reinserting an IUD if she is ordered returned to China is not preferable to the suffering caused by her current medical problems, the IJ reasonably found Sun's story regarding the forcible nature of her IUD insertion to be implausible. *See Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). The agency's credibility determination is supported by substantial evidence because it is based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *See Secaida-Rosales*, 331 F.3d at 307.

Sun also challenges the agency's conclusion that she failed to meet her burden of proof, arguing that the agency

5

erred in finding that the Chinese authorities' issuance of a summons does not rise to the level of persecution.  Because the summons was issued to Sun's husband, and contained no reference to Sun, it does not amount to persecution of Sun, as "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."  *Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007).

Sun further contends that the agency erred in finding that she does not have a well-founded fear of persecution based on her CDP activities in the United States.  "[I]n order to establish eligibility for relief based exclusively on activities undertaken after [her] arrival in the United States, an alien must make some showing that authorities in [her] country of nationality are (1) aware of [her] activities or (2) likely to become aware of [her] activities."  *Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).  Sun has failed to satisfy either of these requirements because she did not present any evidence that the Chinese government was aware of her activities.  Thus, her assertion that she will be subjected to persecution is speculative.  *See, e.g., Wang v. Bureau of Citizenship and Immigration Service*, 437 F.3d 276, 278 (2d Cir. 2006).

6

Because Sun's claims all were based on the same factual predicate, the agency's adverse credibility determination and burden of proof finding were proper bases for the denial of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal is VACATED and the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7